```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**MARTIN GILZOW**                                              **PLAINTIFF**

    v.                    Case No. 05-5091

**LENDERS TITLE COMPANY**, an Arkansas
Corporation                                                    **DEFENDANT**

### O R D E R

Now on this 6th day of July, 2006, comes on for consideration plaintiff's **Motion To Compel Answers To Plaintiff's Interrogatories And Requests For Production And To Extend Discovery Deadline** (document #68), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.    Plaintiff Martin Gilzow ("Gilzow) alleges that defendant Lenders Title Company ("Lenders") retaliated against him for engaging in protected activity, in violation of the Arkansas Civil Rights Act, and violated the federal Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security Act.

    2.    After discovery was complete, and while certain dispositive motions were under submission, Lenders moved to amend its Answer to allege the affirmative defense of exempt status under the FLSA. Over Gilzow's objection that the case had proceeded to that point upon Lenders' claim that Gilzow was an independent contractor, the Court allowed the amendment, granted Gilzow sixty days from March 7, 2006, to take additional discovery on this affirmative defense, and continued the trial

until August 21, 2006.

    3.    On June 27, 2006, Gilzow filed the motion now under consideration, alleging that Lenders has failed to produce various documents and answer various interrogatories. The Court will address each disputed discovery request in turn.

    (a)    Interrogatory No. 5 asks for the dates of all conversations between Lenders' employee Mike Pryor and Gilzow's former wife Andrea Gilzow, as well as the substance of each conversation. Lenders responded that it was unaware of any such conversations "that pertain to the issues of Plaintiff's exempt status or ERISA claim." This is sufficient, inasmuch as discovery was extended only as to the affirmative defense of exempt status.

    (b)    Request for Production No. 9 asks for copies of all documents Andrea Gilzow and Elijah Agnew produced for Lenders, and all documents Lenders gave these individuals "to refer to in preparation for their testimony in the trial of this matter." Lenders responded that "with respect to the issues of Plaintiff's exempt status and ERISA claim, all such documents in the Defendant's possession or control have previously been provided to Plaintiff . . . ." This is sufficient, for the reason stated in ¶3(a).

    (c)    Request for Production No. 10 asks for unredacted copies of all "manager meetings from January 1, 2001 to the date of trial." This was objected to - except with respect to documents already produced in discovery, which Lenders says are

all such minutes which "relate to the Plaintiff's claims."

What Gilzow claims to be trying to prove - by obtaining these minutes - is the extent to which he attended such meetings, which would bear on whether he was considered a manager or supervisor by Lenders. The Court believes this issue can be addressed by a listing of all manager meetings from January 1, 2001, to the date of trial, which Gilzow attended, and will direct that Lenders provide Gilzow with such a list, in a form admissible into evidence without further authentication.

(d) Interrogatory No. 8 asks whether Lenders awarded any profit sharing bonus, extra pay, deferred compensation, or incentive pay from 2001 to 2005, and if so, the type awarded and the reason for the award. Lenders objects that the question is overbroad, burdensome, and irrelevant. The Court agrees, inasmuch as the only relevance Gilzow alleges for this information is that payment of such bonuses might explain why Lenders did not pay him the overtime he claims was due. The issue is not *why* any such payments were not made, but *whether* they should have been made. Lenders' objection is therefore sufficient and will be sustained.

(e) Request for Production No. 13 seeks copies of Lenders' balance sheets and profit and loss statements for 2001-2005. It is objected to for the same reasons as Interrogatory No. 8, and the objection is sufficient for the same reasons.

(f) Request for Production No. 16 seeks copies of Lenders' IRS reports showing taxes withheld from employees for 2001-2005,

with names of employees. This is objected to as overbroad, burdensome, and irrelevant, and because it would disclose confidential salary information about employees. The Court agrees. However, Gilzow contends the fact that his name did not appear on these forms is relevant to his employment status. Lenders does not contend otherwise but, rather, states that it is willing to stipulate that Gilzow's name did not appear on the forms.

It appears to the Court that such a stipulation would meet Gilzow's needs. Accordingly, the Court directs that Lenders immediately provide to Gilzow such a stipulation in written form admissible into evidence without further authentication.

(g) Request for Production No. 17 seeks copies of Lenders' Arkansas Employers Quarterly Contribution and Wage Reports for 2001-2005. Lenders objects for the same reasons it objects to Request for Production No. 16, while Gilzow seeks these reports for the same reasons as there expressed. Again, the Court agrees with Lenders' objection for the reasons stated in ¶3(f) - and again the Court believes the solution suggested there should be employed here.

Lenders is, therefore, directed to provide Gilzow a written stipulation, in form admissible into evidence without further authentication, to the fact that Gilzow's name did not appear in any of these tax documents.

(h) Request for Production No. 18 seeks copies of Lenders' workers' compensation "reports, audits or documents" for 2001-

2005. The same objections are made as those in response to Request for Production No. 16, and the Court agrees that those objections are sufficient, but will employ the same solution there used.

Lenders is, therefore, directed to provide Gilzow with a written stipulation, in form admissible into evidence without further authentication, to the fact that Gilzow's name did not appear in any of these workers' compensation documents.

(i) Request for Production No. 19 seeks copies of Lenders Arkansas Income Tax Form AR3 MAR and attachments for 2001-2005. Lenders objects for the same reasons it objects to Request for Production No. 16, and the Court finds the objections sufficient for the same reasons stated in ¶3(f) - and again will employ the same solution there used.

Lenders is, therefore, directed to provide Gilzow a written stipulation, in form admissible into evidence without further authentication, to the fact that Gilzow's name did not appear in any of these tax documents.

(j) Request for Production No. 20 seeks copies of Lenders' W-3 Transmittal Wage and Tax Statements for 2001-2005. Lenders objects for the same reasons it objects to Request for Production No. 16, and the Court finds the objection sufficient for the same reasons stated in ¶3(f) - and again will employ the same solution there used.

Lenders is, therefore, directed to provide Gilzow a written stipulation, in form admissible into evidence without further

authentication, to the fact that Gilzow's name did not appear in any of these Social Security documents.

    4.    Gilzow also requests that the discovery deadline be extended to allow him to take the depositions of certain unidentified witnesses.

The Court will extend the discovery deadline yet again in this case - for the sole purpose of allowing Gilzow to depose witnesses listed by Lenders, with such depositions limited to the matters relevant to Lenders' defense of exempt status. These depositions are to be taken at a date mutually agreeable to the parties, but in no event later than July 21, 2006, unless the Court's express permission for more time is given.

    5.    Gilzow also requests that Lenders be ordered to verify its answers to Interrogatories in this case, as required by **F.R.C.P. 30(b)**. This request is reasonable, and will be granted.

    6.    Finally, Gilzow requests an award of expenses incurred in making this motion. The Court finds no basis to make such an award, and this portion of the motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Compel Answers To Plaintiff's Interrogatories And Requests For Production And To Extend Discovery Deadline** (document #68) is **granted in part and denied in part**.

The motion is **granted** insofar as defendant is directed to furnish plaintiff, no later than July 20, 2006, with the list called for by ¶3(c) of this Order; the stipulations called for

by ¶3(f), (g), (h), (i), and (j) of this Order; and the verification called for by ¶5 of this Order.  The motion is also **granted** insofar as discovery is extended for the limited purposes and for the time period stated in ¶4 of this Order.

The motion is **denied** in all other respects.

**IT IS SO ORDERED.**

                                 **/s/ Jimm Larry Hendren**
                                 **JIMM LARRY HENDREN**
                                 **UNITED STATES  DISTRICT JUDGE**